Filed 3/2/23  P. v. Snyder CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096747 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-219) |
| v. | |
| JACOB CLINTON SNYDER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jacob Clinton Snyder filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will exercise our discretion to conduct an independent review, but find no arguable error in defendant's favor, and affirm.

1

BACKGROUND

The prosecution charged defendant with two counts of child abuse (Pen. Code, § 273a, subd. (a)[1]; counts 1 and 2), one count of placing a boobytrap (§ 20110, subd. (a); count 3), and one count of stalking (§ 646.9, subd. (a); count 4). Defense counsel declared a doubt as to defendant's competency to stand trial, and the trial court suspended the proceedings and appointed two mental health experts to evaluate defendant. Shortly thereafter, defendant requested a new attorney under *People v. Marsden* (1970) 2 Cal.3d 118. After the hearing, the trial court denied defendant's request.

Defense counsel waived a jury trial on the issue of competency and the parties submitted the matter on the expert reports. The experts agreed defendant was not competent to stand trial, and the trial court made findings consistent with their conclusions, then referred the matter to the Conditional Release Program (CONREP) for its recommendation on placement. After reviewing the report, the court committed defendant to the Department of State Hospitals (DSH) under section 1370. The court also found defendant could make decisions about his own antipsychotic medication but stated defendant could later withdraw his consent and the matter could return to the court for a hearing as to whether medication could be administered involuntarily.

One month later, defendant filed a written *Marsden* motion. The trial court held a hearing on the motion and denied it. Defendant also filed a written motion objecting to the administration of antipsychotic drugs. In a written order, the court noted such motions would typically need to be filed through counsel but interpreted defendant's motion as a withdrawal of his consent for the administration of antipsychotic medication. The court directed its written order be served on the county jail and DSH so they could

---

[1]    Undesignated statutory references are to the Penal Code.

2

inquire as to defendant's consent; if defendant did not consent, the parties were instructed to request a hearing with the court on the involuntary administration of medication.

Defendant filed a notice of appeal challenging the decision committing defendant to the DSH.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order committing a defendant to the DSH is currently an unresolved question. Our Supreme Court has not spoken on the issue. In *People v. Blanchard* (2019) 43 Cal.App.5th 1020, the court ruled *Wende/Anders* procedures do not apply to an appeal from an order adjudicating a defendant incompetent to stand trial, and dismissed the appeal. (*Blanchard*, at p. 1026.) Our Supreme Court's recent decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 contains additional guidance on how appellate courts should handle requests for *Anders/Wende* review when the matter being appealed is not a criminal defendant's first appeal of right. We need not resolve whether any of these procedures apply here, however, because we will exercise our discretion to conduct an independent review of the record, a practice specifically endorsed by *Delgadillo*.

The trial court found the defendant mentally incompetent based on two expert reports, both concluding that defendant lacked a specific understanding of his legal circumstances and further lacked capacity to assist counsel in his defense. (§ 1367, subd. (a); see *People v. Wycoff* (2021) 12 Cal.5th 58, 84.) Defendant failed to produce any

3

contrary evidence.  Meanwhile, the trial court denied defendant's two *Marsden* motions, as there was no basis to conclude that the defense attorney was providing inadequate representation or that the attorney-client relationship had broken down.  (*People v. Marsden, supra*, 2 Cal.3d 118.)  Finally, the trial court preserved the defendant's right to refuse anti-psychotropic medication and provided notice to the authorities.  These orders are supported by substantial evidence and authorized by law.  Based on this independent review of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order committing defendant to the Department of State Hospitals is affirmed.

_____\s\_____,
McADAM, J.[*]

We concur:

_____\s\_____,
DUARTE, Acting P. J.

_____\s\_____,
KRAUSE, J.

---

[*]     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4